IN THE MATTER OF JAMES BOOKER.
(SUPREME COURT DISCIPLINARY NOS. 949, 950, 951, 952, 953)
(417 SE2d 10)

PER CURIAM.

Pursuant to Bar Rule 4-208.1, the Investigative Panel of the State Disciplinary Board directed the Office of the General Counsel of

the State Bar to file five Notices of Discipline against Respondent, James Booker, in which the State Bar alleged violations of various standards of Bar Rule 4-102. In each instance the Bar alleged that Respondent had been hired by clients and accepted fees from them, but had failed to pursue the clients' cases or to account for the fees paid. The Bar also alleged that Respondent, a sole practitioner, abandoned his practice of law in the spring of 1991, leaving his clients "at imminent risk of substantial harm." Respondent did not file a Notice of Rejection of Discipline, Bar Rule 4-208.3, to any of the Notices of Discipline, nor did the Respondent file any response to the State Bar investigation. The State Bar recommends that Respondent be disbarred for the violations in question.

Disciplinary No. 949. The complainant hired Respondent to represent her son in a criminal matter and paid him $2,500 for these services. The Respondent failed to appear at any of the court dates and refused to account to the complainant for the fee paid. The Bar found that Respondent was in violation of Standards 4, 23, 30, 44, 45, 61, 63, 65, and 68 of Bar Rule 4-102.

Disciplinary No. 950. The complainant hired Respondent to represent him in a civil suit. The State Bar found that Respondent permitted "an unsupervised, disbarred attorney to take charge" of the complainant's case with the result that the case was dismissed to the complainant's detriment. The Respondent then entered into a settlement agreement with the complainant in which the Respondent agreed to pay the complainant $15,000. The Respondent refused to pay or account for $8,000 of the settlement agreed upon. The State Bar found that Respondent had violated Standards 4, 21, 22, 23, 24, 25, 30, 44, 45 61, 65, and 68 of Bar Rule 4-102.

Disciplinary No. 951. The complainant paid the Respondent $3,000 to defend him on certain criminal charges. The Respondent refused to take any action on behalf of the complainant who was then forced to hire new counsel. Respondent refused to return or account for the fee, and secreted himself from the client. The State Bar found that Respondent is in violation of Standards 8, 22, 23, 44 and 68 of Bar Rule 4-102.

Disciplinary No. 952. The complainant hired the Respondent to secure her husband's release from jail on bond, giving him a truck and cash. The Respondent failed to take any action on the client's behalf and refused to return or account for the fee. The State Bar found Respondent to be in violation of Standards 3, 4, 21, 22, 23, 30, 31, 44, 45, 61, 62, 63, 65, and 68 of Bar Rule 4-102.

Disciplinary No. 953. The complainant hired the Respondent to represent her in a civil suit. The Respondent represented to the complainant that he was actively pursuing her case, and that it would proceed to trial. However, the Respondent subsequently entered into

a settlement of the case without the knowledge of the complainant. The Respondent kept the proceeds of the settlement and refused to account for them to the complainant. The State Bar found that Respondent violated Standards 4, 21, 22, 23, 25, 30, 44, 45, 61, 63, 65 and 68 of Bar Rule 4-102.

It is hereby ordered that the Notices of Discipline filed in this proceeding are adopted as the final order of this Court, State Bar Rule 4-208.3, and that Respondent James Booker is hereby disbarred. It is ordered that his name be removed from the roll of those individuals entitled to practice law in this State.

*All the Justices concur.*

DECIDED MAY 21, 1992 —
RECONSIDERATION DENIED JULY 2, 1992.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*John T. Longino,* for Booker.